FILED
CHARLOTTE, NC
SEP - 9 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Marcus Grier,

sui juris, in propria persona,
Living Man,

Sole Beneficiary of the Estate

MARCUS GRIER

Plaintiff

Civil Action No.: 3:25-CV-685

VERIFIED COMPLAINT AND MOTION

FOR DECLARATORY, INJUNCTIVE,

CIVIL RIGHTS, RICO RELIEF, AND

TEMPORARY RESTRAINING ORDER;
JURY TRIAL DEMANDED

v.

State of North Carolina;
Mecklenburg County IV-D Agency;
Mecklenburg County Clerk of Court;
Mecklenburg County Sheriff's Office;
Mecklenburg County Public Defender's Office;
Gaston County Clerk of Court;
Gaston County IV-D Agency;
Nakea Anderson;
Myrica Jenkins;
Kedra Chambers;
John/Jane Doe Judges (2007–2025);
John/Jane Doe Clerks, Deputies, IV-D Agents, and
Public Defenders (2007–2025);
Defendants

**JURISDICTION AND VENUE**

This Court has jurisdiction under **28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 1983 (enforcement of constitutional rights), and 18 U.S.C. §§ 1961–1968 (RICO).** Venue is proper in this District because the events giving rise to this Complaint occurred in Mecklenburg and Gaston Counties, North Carolina.

**OPENING STATEMENT**

I, Marcus Grier, one of the People, sui juris, in propria persona, appearing under special appearance only, reserving all rights, waiving none, without prejudice (UCC 1-308), invoke the Constitution of the United States and the Constitution of North Carolina. I appear as the Living Man, not an entity, and bring this Verified Complaint for declaratory, injunctive, civil rights, RICO relief, and a Temporary Restraining Order, demanding trial by jury.

**BACKGROUND / FACTUAL ALLEGATIONS**

1. In 2007, Defendant Nakea Anderson, with the IV-D Agency, filed case Nake Anderson 07CVD023504. Summonses and proof of service were altered, and Plaintiff was never served in hand as required. Judgments entered without proper service are void. See **Pennoyer v. Neff, 95 U.S. 714 (1878).**

2. In 2009, Defendant Myrica Jenkins initiated case Myrica Jenkins 09CVD011204. Plaintiff was again denied proper service in hand, and judgments were entered without jurisdiction. All signatures by Plaintiff were obtained under duress, threat, and coercion, and are unenforceable.

3. Both cases exceed the statute of limitations under **NC Gen. Stat. § 1-47**, as over 12–13 years passed without lawful hearings. Any enforcement beyond ten years is void.

4. Plaintiff's survivor benefits, exempt under **42 U.S.C. § 407**, were levied and garnished without due process. Such actions are unlawful seizures of exempt property.

5. **On September 4, 2025, Judge [Name Unknown] ignored Plaintiff's jurisdictional challenges, forced contempt proceedings, threatened incarceration, and refused to accept motions or evidence. This constitutes willful violation of oath of office and due process rights under the Fifth and Fourteenth Amendments.**

6. Clerks, deputies, and public defenders failed to fulfill their duties to disclose, object, or prevent these violations, constituting fraud upon the court.

7. In kedra chambers 10CVD002286 (2010–2016), Plaintiff was compelled under threat and coercion to pay support for a child later proven not to be his after six years of being denied DNA testing. Federal law and NC law require genetic testing be available within three years to establish or contest paternity. See **42 U.S.C. § 666(a)(5)(B)(i); N.C. Gen. Stat. § 110-132.2.** When testing was finally permitted, results proved Plaintiff was not the father. The case was dismissed, yet Plaintiff never received disclosure or formal written notice of judgment. Court records now appear to have been concealed or destroyed, violating **N.C. Gen. Stat. §§ 132-1 et seq.** Such concealment constitutes obstruction of justice, fraud upon the court, and denial of due process under the **Fifth and Fourteenth Amendments. See Hazel-Atlas Glass Co.**

Plaintiff moves this Court to compel the Mecklenburg and Gaston County Clerks of Court to produce certified copies of all filings, summonses, judgments, and bond records for cases 07CVD023504, 09CVD011204, and the 10CVD002286 case.

### Count VIII – Temporary Restraining Order (Fed. R. Civ. P. 65(b))

Plaintiff seeks an immediate Temporary Restraining Order to enjoin Defendants from enforcing any child support judgments, garnishments, levies, or contempt proceedings while this action is pending. Plaintiff faces immediate and irreparable harm, including loss of subsistence income, unlawful seizure of exempt benefits **(42 U.S.C. § 407)**, deprivation of liberty through threats of incarceration, and continued violations of constitutional rights. Monetary damages alone cannot remedy the harm of unlawful imprisonment or ongoing deprivation of Plaintiff's ability to provide for his children. See **Granny Goose Foods v. Teamsters, 415 U.S. 423 (1974).**

**RELIEF REQUESTED**
**Plaintiff requests this Court grant the following relief:**
1. **Declare all judgments void ab initio.**
2. **Enjoin all garnishments, levies, and enforcement actions.**
3. **Order restitution of all seized funds, with interest and disgorgement of profits.**
4. **Compensate Plaintiff for 18 years (Anderson), 17 years (Jenkins), and 6 years (Chambers) of unlawful enforcement, with damages calculated accordingly.**
5. **Award punitive damages for willful and malicious violations.**
6. **Award treble damages under RICO, 18 U.S.C. § 1964(c).**
7. **Compel production of all CUSIP, bond, and surety records.**
8. **Remove and permanently disqualify judges who violated their oaths.**
9. **Award damages under 42 U.S.C. § 1983.**
10. **Grant a jury trial on all issues exceeding $20, pursuant to the Seventh Amendment.**
11. **Direct service of process by the United States Marshal under Fed. R. Civ. P. 4(c)(3) due to Plaintiff's indigency.**
12. **Issue a Temporary Restraining Order under Fed. R. Civ. P. 65(b) immediately halting all enforcement actions until this Court resolves the merits.**

**CLOSING STATEMENT**
My Honor, before any judgment is rendered, I remind this Court of its oath of office and constitutional limitations. Any order beyond dismissal and vacatur in light of fraud, lack of jurisdiction, statutory time-bars, and unlawful levies would constitute a violation of your duty of office, the Constitution, and separation of powers. Fraud vitiates everything. **Throckmorton, 98 U.S. 61. All actions contrary to the Constitution are void and without force of law.**

**VERIFICATION**

I, Marcus Grier, sui juris, in propria persona, Living Man, Sole Beneficiary of the Estate MARCUS GRIER, verify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Marcus Grier* (signature)

Marcus Grier, sui juris, in propria persona
Living Man, Sole Beneficiary of the Estate MARCUS GRIER
Without Prejudice UCC 1-308, Reserving All Rights, Waiving None
Date: 9/9/25

**NOTARY JURAT**
Sworn to and subscribed before me on this 9th day of Sept., 2025.

_____
Notary Public
My Commission Expires: Nov. 15th 2025

> **VIPULKUMAR O. TRIVEDI**
> Notary Public, North Carolina
> Mecklenburg County